UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRAVELERS INDEMNITY COMPANY
also known as Lumsden & McCormick, LLP,

                              Plaintiff,

                                                            **Hon. Hugh B. Scott**


                    v.                                      05CV870A

                                                            **Report
                                                            &
                                                            Recommendation**

JOSEPH DAVIS INC.,
BRISBANE REALTY ASSOCIATES LLC,

                              Defendants.


        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 8).   The instant matter before the Court is defendant Brisbane Realty Associates

LLC's ("Brisbane") motion (Docket No. 35[1]) to dismiss Complaint.  Also pending is Brisbane's

motion to compel discovery from plaintiff (Docket No. 36), which will be considered in a

separate Order.

_____

        [1]Brisbane attempted to file this motion previously, Docket No. 32, but this motion was
terminated for non-compliance with the Court's Electronic Case Filing requirements.
        In support of the present motion, Brisbane submitted its attorney's affirmation with
exhibits, memorandum of law, Docket No. 35; and reply affirmation from its counsel, Docket
No. 46.  Counsel for co-defendant Joseph Davis Inc. submitted an affirmation in support of this
motion, Docket No. 43.
        In opposition, plaintiff submitted its attorney's affirmation, Docket No. 37, and
memorandum of law, Docket No. 38.

## **BACKGROUND**

This is a diversity subrogation action wherein plaintiff Travelers Indemnity Company

seeks to recover money expended due to a water pipe break in the basement of the Brisbane

Building, 403 Main Street, Buffalo, New York (Docket No. 14, Am. Compl. ¶ 11), in

December 2002 (see Docket No. 35, Brisbane Memo. of Law at 1), leased by defendant Brisbane.

Subrogor Lumsden & McCormick, LLP ("Subrogor"), is a tenant, leasing space in the basement

of the Brisbane Building (Docket No. 35, Brisbane Atty. Affirm. ¶ 9, Ex. C, Lease, Ex. B,

Schedule D, at 17).  Plaintiff Travelers paid over $124,000 to Subrogor for loss sustained by the

Subrogor between December 14 and 16, 2002, due to water damage from corrosion of the

plumbing system in the Brisbane Building (Docket No. 14, Am. Compl. ¶ 2; see Docket No. 1,

Compl. ¶ 2 (date of loss December 14, 2002))[2].  Plaintiff anticipated that the loss would go

beyond the $124,000 already paid to the Subrogor (Docket No. 14, Am. Compl. ¶¶ 3-4).  Prior to

December 14, 2002, defendant Joseph Davis Inc. was hired to install, maintain and service this

plumbing system (id. ¶ 10).  Plaintiff believes that before December 14, 2002, one of the pipe

fittings ruptured, causing water damage throughout the Subrogor's business and causing the

plumbing system to malfunction between December 14 and 16, 2002 (id. ¶¶ 13-14).

Plaintiff filed its Complaint on or about December 13, 2005 (Docket No. 1), suing

defendants for negligence and breach of contract (see Docket No. 14, Am. Compl. ¶¶ 16-18, 19-

22).  Brisbane answered and asserted a cross-claim against co-defendant Joseph Davis Inc.

(Docket Nos. 7, 12) and Joseph Davis Inc. answered (Docket No. 9).  Plaintiff then filed an

---

[2]Plaintiff now contends that the cause of this corrosion was due to poor maintenance by Brisbane and by improper mating of dissimilar metals on the water line, Docket No. 38, Pl. Memo. of Law at second unnumbered page; Docket No. 37, Pl. Atty. Affirm. Ex. A.

Amended Complaint (Docket No. 14), changing the date of loss alleged in the Complaint (Docket No. 15, Stipulation to allow amendment).  Joseph Davis Inc. answered the Amended Complaint and Brisbane's cross-claims (Docket No. 21).  Brisbane initially answered the Amended Complaint on March 23, 2006 (Docket No. 20[3]), realleging its cross-claims against Joseph Davis Inc.  Brisbane asserted one affirmative defense that, pursuant to the terms of the lease, Brisbane was not liable to the Subrogor for loss or damage due to Brisbane's own negligence (id. ¶ 20).  That lease, in turn, included an insurance subrogation rider waiver in which neither the landlord (Brisbane) nor the tenant (Subrogor Lumsden & McCormick) shall be liable to any other party or insurer by way of subrogation for loss to tangible property (Docket No. 35, Brisbane Atty. Affirm. ¶ 10, Ex. C, Lease, at 10, ¶ TWENTY-THIRD).

*Motion to Dismiss*

Brisbane moves to dismiss this case based upon terms of the lease between the Subrogor and Brisbane (Docket No. 35), a document Brisbane believes is incorporated by reference in the Complaint (see id. Brisbane Memo. of Law at 2).  Brisbane does not seek to convert this motion into one for summary judgment.

Brisbane argues that the anti-subrogation clause is valid and enforceable and that the lease is governed by New York law (Docket No. 35, Brisbane Atty. Affirm. ¶¶ 11, 7; Memo. of Law at 4).  Co-defendant Joseph Davis Inc. supports Brisbane's motion (Docket No. 43).

---

[3]A different counsel submitted an Answer to the Amended Complaint for Brisbane on July 7, 2006, Docket No. 26.  The latter Answer was withdrawn with withdrawal of that second counsel, Docket Nos. 30, 41.

Plaintiff argues, however, that the lease terms were not sufficient to waive subrogation (Docket No. 38, Pl. Memo. of Law at first unnumbered[4]).  Plaintiff contends that the anti-subrogation provision becomes void if Brisbane, as the landlord, was "unable to obtain a waiver of subrogation from its insurer" (Docket No. 38, Pl. Memo. at second unnumbered page; <u>see</u> Docket No. No. 35, Brisbane Atty. Affirm. Ex. C, Lease, at 10, ¶ TWENTY-THIRD).  Plaintiff concludes that there are material issues of fact that should preclude summary judgment (Docket No. 38, Pl. Memo. at fourth unnumbered page).  Plaintiff contends that there was a non-mutual waiver of subrogation agreement which is not enforceable under New York law (<u>id.</u>).

*Briefing Schedule*

Responses to this motion were due by October 6, 2006, and any reply by October 16, 2006 (Docket No. 34).  The motion then was deemed submitted, without oral argument on October 16, 2006 (<u>id.</u>).  The discovery deadline in the amended Scheduling Order (Docket No. 29) was held in abeyance pending the determination of this motion and Brisbane's motion to compel (Docket No. 42).

<u>**DISCUSSION**</u>

I.      Standard

Brisbane has moved to dismiss the Amended Complaint on the grounds that it states a claim for which relief cannot be granted.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the

---

[4]Plaintiff disregards this Court's Local Civil Rule which requires all papers to be dated and paginated, W.D.N.Y. Loc. Civ. R. 10(b).  Also, the fourth unnumbered page is repeated in the filed document.  It also appears that a page is missing at this point.  This is the benefit of pagination, where such errors can be easily detected and corrected.

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A Rule 12(b)(6) motion is addressed to the face of

the pleading.  The pleading is deemed to include any document attached to it as an exhibit, Fed.

R. Civ. P. 10(c), or any document incorporated in it by reference, Goldman v. Belden, 754 F.2d

1059 (2d Cir. 1985), or "matters of which judicial notice may be taken, or to documents either in

plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit," Brass

v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); see Cortec Indus., Inc. v. Sum

Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992).  In considering

such a motion, the Court must accept as true all of the well pleaded facts alleged in the

Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).

However, conclusory allegations that merely state the general legal conclusions necessary to

prevail on the merits and are unsupported by factual averments will not be accepted as true.

New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions,

235 F. Supp. 2d 123 (N.D.N.Y. 2002).

II.     Conversion of Motion to Dismiss into Summary Judgment Motion?

        Rule 12(b)(6) provides that if "matters outside of the pleadings are presented to and not

excluded by the court, the motion shall be treated as one for summary judgment and disposed of

as provided in Rule 56, and all parties shall be given reasonable opportunity to present all

material made pertinent to such a motion by Rule 56."  Either the pleader or the movants may

bring the conversion provision of Rule 12(b)(6) into operation by submitting extra-pleading

material, 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, at

150 (Civil 3d ed. 2004); see Guray v. Winehouse, 190 F.3d 37, 42-43 (2d Cir. 1999) (plaintiff's

affidavit in opposition to motion to dismiss, held motion should have been converted); Grand

Union Co. v. Cord Meyer Dev. Corp., 735 F.2d 714, 716-17 (2d Cir. 1984) (per curiam) (plaintiff

and defendant submitted extra-pleading materials), on remand, 761 F.2d 141 (2d Cir. 1985).  The

Court has complete discretion to determine whether or not to accept the submission of extra-

pleading materials and rely upon it, and thereby convert the Rule 12(b)(6) motion into a Rule 56

summary judgment motion, 5C Wright & Miller, supra, § 1366, at 159; Amaker v. Weiner,

179 F.3d 48, 50-51 (2d Cir. 1999) (mere attachment of outside material does not convert motion,

court must consider attached material and have it affect its decision to convert motion); Northrop

v. Hoffman of Simsbury, Inc., 134 F.3d 41, 44 n.2 (2d Cir. 1997) (district court held not to have

erred in not converting motion where it did not rely upon outside materials and did not look

beyond the four corners of the pleading); Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000)

(when presented with materials outside of pleading, court may either exclude the materials or

convert the motion).  It is error, however, for the Court to decline to consider extra-pleading

materials in considering the sufficiency of his pleadings, Freeman v. Marine Midland Bank-New

York, 494 F.2d 1334, 1338-39 (2d Cir. 1974), and, once the Court so considers such material, the

motion must be converted, see id. at 1338.  The conversion requirement is strictly enforced

whenever there is a legitimate possibility that the Court relies upon the extra-pleading materials

in ruling on the motion, Amaker, supra, 179 F.3d at 50.  "This discretion will be exercised on the

basis of the district court's determination of whether or not the proffered material, and resulting

conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition

of the action," 5C Wright & Miller, supra, § 1366, at 165.  When the extra-pleading material is

complete and enables a rational determination of a summary judgment motion, courts are likely

to accept it and convert the motion; when the materials are scanty, incomplete, or inconclusive, courts are likely not to accept it, id. at 165-66.  By accepting the extra-pleading material, the Court under Rule 12(b)(6) "shall" convert the motion to one for summary judgment, id. at 167; Carter v. Stanton, 405 U.S. 669, 671 (1972) (per curiam).  Once the motion is converted, the movants' burden changes to the burden for establishing summary judgment, 5C Wright & Miller, supra, § 1366, at 203, including compliance with this Court's local rules regarding making a summary judgment motion, see W.D.N.Y. Loc. Civ. R. 56.1, 7.1(e).  The parties need to be on notice of this conversion to a summary judgment motion or the likelihood that such a conversion will take place, id. at 188, at least the ten days called for in Rule 56(c), see Beacon Enterps. Inc. v. Menizes, 715 F.2d 757, 767 (2d Cir. 1983) (district court sua sponte treating pro se defendant's motion to dismiss as one for summary judgment).

Brisbane argues that the lease is relied upon if not fully incorporated by reference in the Amended Complaint (Docket No. 35, Brisbane Memo. at 2-3) and that its motion to dismiss need not be converted into one for summary judgment, although its moving papers includes a copy of that lease and Travelers' insurance policy (Docket No. 35, Exs. C, D).  The Amended Complaint alleges that the Subrogor leased space in the Brisbane Building (see Docket No. 14, Am. Compl. ¶ 12) and, in the breach of contract claim, that defendants and the Subrogor entered into a contract whereby defendants were obligated to properly operate, maintain, inspect, repair, and protect the Subrogor's property (id. ¶ 20).  Brisbane attached a copy of the lease in its moving papers in opposing plaintiff's pleading (Docket No. 35, Brisbane Memo. at 3), see Johns v. Town of East Hampton, 942 F. Supp. 99, 104 (E.D.N.Y. 1996); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1327, at 762-63 (Civil 2d ed. 1990) (current version,

5 Wright & Miller, <u>supra</u>, § 1327, at 438-39 (Civil 3d ed. 2004)) (<u>see</u> Docket No. 35, Brisbane

Memo. at 3, citing these authorities).

     Plaintiff views this motion as one for summary judgment (<u>see</u> Docket No. 38, Pl. Memo.

at 1; Docket No. 37, Pl. Atty. Affirm. ¶ 2 (referring to Brisbane's "Motion for Summary

Judgment pursuant to Rule 12(b)(6) of the FRCP")), but does not seek to convert this motion or

object to not meeting the requirements under Rule 56 or this Court's Local Civil Rule 56.1 for a

summary judgment motion (namely, the absence of a statement of material facts). Plaintiff, in

fact, did not submit its statement of material facts in opposition to a summary judgment motion,

<u>cf.</u> W.D.N.Y. Loc. Civ. R. 56.1(b). Plaintiff does not oppose introduction of these documents, in

fact citing to those documents in its opposing papers (<u>e.g.</u>, Docket No. 38, Pl. Memo. at first,

second unnumbered pages).

     The motion to dismiss is only to address the four corners of the pleading, or challenging

the sufficiency of the statements in the Complaint, <u>Cortec Indus.</u>, <u>supra</u>, 949 F.2d at 47. Brisbane

cites (Docket No. 35, Brisbane Memo. at 2-3) a number of cases (such as <u>Cortec Industries</u>,

<u>supra</u>) for the proposition that this Court need not convert this motion into a summary judgment

motion but still it may consider the extraneous papers. The Second Circuit in <u>Cortec Industries</u>

discussed the history of Rule 12(b)(6) and the development of the procedure for consideration of

affidavits or other extraneous materials in considering a Rule 12(b)(6) motion. The Circuit Court

noted that initially a motion with such extraneous material would have been treated like a

summary judgment motion; later, Rule 12(b)(6) was amended to require this result, <u>Cortec</u>

<u>Indus.</u>, <u>supra</u>, 949 F.2d at 47 (citing cases). The Second Circuit did not want plaintiff to "escape

the consequences of its own failure" to attach or quote the underlying document, <u>id.</u> But the only

consequence in the case at bar will be deferring ruling on the underlying question of whether

plaintiff stated a claim by converting a motion to dismiss (with additional documents from the

movant) into a summary judgment motion.

In Brass (Docket No. 35, Brisbane Memo. at 3), the district court sua sponte converted

defendant's motion to dismiss the initial complaint into a summary judgment motion, 987 F.2d at

145, plaintiff then amended the complaint and defendant again moved to dismiss the amended

pleading, id. at 146.  On that second motion, the Second Circuit reviewed the motion to dismiss

standard and those papers that could be considered for that motion, id. at 150, without discussing

the conversion procedure to a summary judgment motion.  The district court in Berg v. Empire

Blue Cross & Blue Shield, 105 F. Supp. 2d 121, 126, 125 (E.D.N.Y. 2000) (Docket No. 35,

Brisbane Memo. at 3), relied upon International Audiotext Network, Inc. v. American Telephone

& Telegraph, 62 F.3d 69, 72 (2d Cir. 1995), to consider in a motion to dismiss the entire

summary plan description rather than only the excerpts submitted by plaintiff.  In International

Audiotext Network, 62 F.3d at 72, the Second Circuit held that the complaint there relied heavily

upon an agreement not attached or incorporated by reference, hence allowing the court to review

that document as part of the motion to dismiss.

Johns, supra, 942 F. Supp. at 104 (Docket No. 35, Brisbane Memo. at 3), involved

plaintiffs challenging the use of extraneous materials in a motion to dismiss, calling for the court

to convert the motion into a summary judgment motion.  The court denied this request, because

the materials defendants used were matters of public record and their authenticity was not being

challenged, id.  The court, instead of striking the materials, limited the inferences that could be

drawn from them, id.  Further, these documents were not materials plaintiffs had in their

possession or upon which they relied upon in commencing this action, although the court in

Johns quoted (id.) that portion of the motion to dismiss standard from Cortec Industries, supra,

949 F.2d at 48.

III.    Application of Conversion Standard

   The extra-pleading papers here illuminate the contractual rights and duties of the parties

and are necessary for the Court's consideration of the motion.  Plaintiff only alludes to the lease

in the Complaint, but for the purpose of identifying Brisbane's maintenance obligations (Docket

No. 14, Am. Compl. ¶¶ 14, 20); Brisbane produces the lease for its anti-subrogation provision

(Docket No. 35, Brisbane Atty. Affirm. Ex. C).  Plaintiff responds now that Brisbane needed to

obtain the waiver of subrogation from its insurer, otherwise the anti-subrogation clause was void

by its own terms (Docket No. 38, Pl. Memo. at second unnumbered page), but plaintiff misquotes

the language of that lease term (compare id. with Docket No. 35, Ex. C, ¶ TWENTY-THIRD).

Brisbane, in reply, disputes whether a waiver was relevant and that it was responsible for the

Subrogor's losses (Docket No. 46, Brisbane Atty. Reply Affirm. ¶¶ 16-17), that the provision

plaintiff cites voids only Brisbane's obligation to obtain a waiver of subrogation from its insurer

if Brisbane is unable to obtain that waiver (id. ¶25; Docket No. 35, Ex. C, ¶ TWENTY-THIRD).

The parties thus dispute whether all the terms of that provision have been met and what the terms

mean, hence it is not a mere legal issue that can be decided by review of the four corners of the

pleadings (as amplified by these relevant documents).  Plaintiff also responded with evidentiary

material surrounding the condition of the pipes, going well beyond the four corners of its

pleadings (see Docket No. 37, Pl. Atty. Affirm., Ex. A (expert's report)).  As a result, the Court

will convert this into a summary judgment motion and schedule further briefing for the parties to submit summary judgment moving papers, in particular statements of fact.

## CONCLUSION

Based upon the above, it is recommended that defendant Brisbane Realty Associates LLC's motion (Docket No. 35) to dismiss the Complaint be **converted to one for summary judgment** and the motion briefed on that basis.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       November 14, 2006