UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRAVELERS INDEMNITY COMPANY also known as
LUMSDEN & McCORMICK, LLP,

                              Plaintiff,

                                                          **Hon. Hugh B. Scott**

                                                          05CV870A

                    v.                                    **Order**


JOSEPH DAVIS INC.,
BRISBANE REALTY ASSOCIATES LLC,

                              Defendants.



        Before the Court is defendant Brisbane Realty Associates LLC ("Brisbane") motion to

compel discovery from plaintiff (Docket No. 36[1]).  Also pending is Brisbane's motion to dismiss

(Docket No. 35), considered in a separate Report & Recommendation (Docket No. 51).

## BACKGROUND

        This is a diversity subrogation action wherein plaintiff Travelers Indemnity Company

seeks to recover money expended due to a water pipe break in the basement of the Brisbane

Building, 403 Main Street, Buffalo, New York (Docket No. 14, Am. Compl. ¶ 11), in

December 2002 (see Docket No. 35, Brisbane Memo. of Law at 1), leased by defendant Brisbane.

Subrogor Lumsden & McCormick, LLP ("Subrogor"), is a tenant, leasing space in the basement

---

[1]Brisbane submitted in support of this motion its attorney's affirmation with exhibits
(discovery requests, correspondence seeking responses to discovery), Docket No. 36, and a reply
affirmation from Brisbane's counsel, Docket No. 48.
        In opposition, plaintiff submits its attorney's affirmation, Docket No. 45.

of the Brisbane Building (Docket No. 35, Brisbane Atty. Affirm. ¶ 9, Ex. C, Lease, Ex. B,

Schedule D, at 17).  Plaintiff Travelers paid over $124,000 to Subrogor for loss sustained by the

Subrogor between December 14 and 16, 2002, due to water damage from corrosion of the

plumbing system in the Brisbane Building (Docket No. 14, Am. Compl. ¶ 2; see Docket No. 1,

Compl. ¶ 2 (date of loss December 14, 2002))[2].  Plaintiff anticipated that the loss would go

beyond the $124,000 already paid to the Subrogor (Docket No. 14, Am. Compl. ¶¶ 3-4).  Prior to

December 14, 2002, defendant Joseph Davis Inc. was hired to install, maintain and service this

plumbing system (id. ¶ 10).  Plaintiff believes that before December 14, 2002, one of the pipe

fittings ruptured, causing water damage throughout the Subrogor's business and causing the

plumbing system to malfunction between December 14 and 16, 2002 (id. ¶¶ 13-14).

Plaintiff filed its Complaint on or about December 13, 2005 (Docket No. 1), suing

defendants for negligence and breach of contract (see Docket No. 14, Am. Compl. ¶¶ 16-18, 19-

22).  Brisbane answered and asserted a cross-claim against co-defendant Joseph Davis Inc.

(Docket Nos. 7, 12) and Joseph Davis Inc. answered (Docket No. 9).  Plaintiff then filed an

Amended Complaint (Docket No. 14), changing the date of loss alleged in the Complaint

(Docket No. 15, Stipulation to allow amendment).  Joseph Davis Inc. answered the Amended

Complaint and Brisbane's cross-claims (Docket No. 21).  Brisbane initially answered the

---

[2]Plaintiff now contends that the cause of this corrosion was due to poor maintenance by
Brisbane and by improper mating of dissimilar metals on the water line, Docket No. 38, Pl.
Memo. of Law at second unnumbered page; Docket No. 37, Pl. Atty. Affirm. Ex. A.

Amended Complaint on March 23, 2006 (Docket No. 20[3]), realleging its cross-claims against

Joseph Davis Inc.

*Brisbane's Motion to Compel*

On April 11, 2006, Brisbane served its interrogatories and document production demands

(Docket No. 36, Brisbane Atty. Affirm., ¶ 4, Ex. A).  The deadline to respond had passed and

Brisbane's counsel wrote to plaintiff's counsel on May 10, 2006, requesting a response (id. ¶ 5,

Ex. B).  Plaintiff responded on May 31, 2006 (id. ¶ 6, Ex. C).  Brisbane, however, contends that

these responses were incomplete and inadequate because plaintiff referred back to its initial

disclosures (for Interrogatories 3-7, 11, 13, 17, 21-24) and plaintiff objected to questions and

failed to respond to them (to Interrogatories 3-10, 12, 14-15, 18) (id. ¶ 7).  Brisbane argues that

this violated Federal Rule 33(b)(1) and (2) (id. ¶ 9).  Because plaintiff's objections were not

timely (and absent a stipulation extending the time for an objection), Brisbane concludes that

these asserted objections were waived (id. ¶¶ 15-18).  Brisbane noted that the responses were

untimely and inadequate (id. ¶ 25, Ex. D), followed by additional correspondence (id. ¶ 27,

Ex. E).  Brisbane submitted an affirmation of its good faith efforts to resolve this discovery

dispute prior to making this motion (Docket No. 27; Docket No. 36, Brisbane Atty. Affirm.

¶ 28).  To date, Brisbane complains that plaintiff has not supplemented or amended its responses

(Docket No. 36, Brisbane Atty. Affirm. ¶ 30).

Plaintiff responds that Brisbane received all the discovery documentation in this case and

is ready to proceed with depositions (Docket No. 45, Pl. Atty. Affirm. ¶¶ 3-4).  Plaintiff explains

---

[3]A different counsel submitted an Answer to the Amended Complaint for Brisbane on July 7, 2006, Docket No. 26.  The latter Answer was withdrawn with withdrawal of that second counsel, Docket Nos. 30, 41.

that it did not immediately object to the interrogatories because Brisbane had, at one point, two different law firms representing it and plaintiff was delayed by two weeks in avoiding making duplicate responses (id. ¶ 5).  After the motion was filed, plaintiff supplemented its responses to some of the interrogatories (id. ¶ 6, Attachment).  Plaintiff claims that the responses to these interrogatories involved reviewing extensive claims files that were previously exchanged (id. ¶ 7) or were overbroad (id. ¶ 8).

Brisbane replies that its counsel made it clear that it was representing defendant and that a second firm was monitoring the case for Brisbane's insurer, One Beacon (Docket No. 48, Brisbane Atty. Reply Affirm. ¶ 9).

*Briefing Schedule*

Responses to this motion were due by October 6, 2006, and any replies were due by October 16, 2006 (Docket No. 39).  As with Brisbane's pending motion to dismiss, the discovery deadline previously set (see Docket No. 39) was held in abeyance while the pending motions were being determined (Docket No. 42).

**DISCUSSION**

I.      Motion to Compel

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).  Imposition of Rule 37(d) sanctions for failure to comply with discovery demands (here, failure to serve answer to interrogatories or objections to interrogatories, Fed. R. Civ. P. 37(d)(2), or serving an incomplete

answers to these interrogatories, see id. R. 37(a)(3)) must be weighed in light of the full record.

Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir.

1979).  Rule 37(d) calls upon the Court to make such orders in regard to disclosure failures as are

just.  This Court has wide discretion to impose sanctions and determine the type of sanction to be

imposed under Rule 37(d).  See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d

Cir. 1999).  The rule lists various sanctions including preclusion or dismissal of claims.  Fed. R.

Civ. P. 37(d), (b)(2)(B) (refusing to allow disobedient party to support claim or defense), (C)

(striking pleadings), or (D) (contempt of court for failing to produce witness, as well as payment

of opponent's reasonable expenses, and attorneys' fees).  Procedurally, under Rule 37(a)(2)(B)

and this Court's Local Civil Rule 37, the movant needs to make a statement of good faith efforts

made to resolve a discovery dispute before making motions to compel.

> Under Rule 37(a)(4), if the motion to compel is granted, the Court
>
> "shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, . . ., unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery or disclosure without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4) (emphasis added).  Production in the face of a pending motion to compel

does not avoid the consequences of that motion.  See Fed. R. Civ. P. 37(a)(4)(A) (requiring

sanctions of recovery of movant's motion expenses if motion is granted or "if the disclosure or

requested discovery is provided after the motion was filed").

Under Federal Rule 33(b)(4), all objections to an interrogatory must be made within 30 days of service of the interrogatories, Fed. R. Civ. P. 33(b)(3), or else they are waived unless the failure to object is excused by the Court for good cause shown, id. R. 33(b)(4).  Special leave of the Court is required for the untimely objections, Sturdevant v. Sears, Roebuck & Co., 32 F.R.D. 426, 428 (W.D. Mo. 1963); Lehrenz v. Donnelly, 187 F.R.D. 1, 5 (D.D.C. 1999) (objections first raised in opposition to motion to compel were waived as untimely); 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2173, at 293-94 (Civil 2d ed. 1994).  The only objections not so waived are privilege objections, id. at 294-95.  Absent leave being granted for a belated response and objection, Brisbane's motion to compel is **granted** and plaintiff is deprived of most of its objections.

Plaintiff's arguments appear to recast objections to answering these interrogatories that it did not raise in a timely manner, despite the apparent confusion regarding who represented Brisbane.  Plaintiff did not seek a stipulation from Brisbane (or either of its counsel) while this uncertain period of representation existed to hold off on responding to the outstanding discovery.  This apparent confusion of plaintiff's part is not good cause to excuse the failure to answer the interrogatories and to raise timely its objections.  The objections plaintiff now raises in its supplemented responses of overbreadth and the volume of materials are not privilege exceptions but are objections that it waived by not making a timely response or seeking a stipulation or extension to make such an objection.

II.      Discovery Sanctions

Under Rule 37, Brisbane is entitled to recover its reasonable motion expenses for making this motion to compel.  Brisbane is to submit its reasonable motion costs, including attorney's

fees, within fifteen (15) days of entry of this Order; plaintiff may respond to this fee application within ten (10) days of receipt of that application.  The Court then will deem this fee application submitted and render a decision as to Brisbane's reasonable motion expenses.

III.     Scheduling Order

Having decided Brisbane's motion to compel and separately recommended disposition of its motion to dismiss (see Docket No. 51), the Scheduling Order (see Docket Nos. 29, 24) in this case is amended as follows: discovery shall be completed by **March 2, 2007**; dispositive motions shall be due by **May 16, 2007**.  All other dates previously ordered and not dependent upon these dates shall remain in effect.

## CONCLUSION

For the reasons stated above, defendant Brisbane Realty Associates LLC's motion (Docket No. 36) to compel is **granted**.  Brisbane to submit its reasonable motion costs, including attorney's fees, within fifteen (15) days of entry of this Order; plaintiff may respond to this fee application within ten (10) days of receipt of that application, and the Court then will deem this fee application submitted.

The Scheduling Order in this action (Docket No. 29) is **amended** as follows, discovery is due by **March 2, 2007**, dispositive motions shall be due by **May 16, 2007**.

So Ordered.

_/s/ Hugh B. Scott_
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       November 14, 2006

7