UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRAVELERS INDEMNITY COMPANY also known as
LUMSDEN & McCORMICK, LLP,

       Plaintiff,

                   **Hon. Hugh B. Scott**

                   05CV870A

    v.

                   **Order**

JOSEPH DAVIS INC.,
BRISBANE REALTY ASSOCIATES LLC,

       Defendants.

Before the Court is defendant Brisbane Realty Associates LLC ("Brisbane") motion to compel discovery from plaintiff (Docket No. 36).  This Court granted Brisbane's motion (Docket No. 52), extended the discovery schedule (Docket Nos. 52, 53), and allowed Brisbane to submit its reasonable motion costs within fifteen days of entry of the Order granting the motion to compel (Docket No. 52, Order at 7).  Brisbane submitted a letter (letter of counsel to Chambers, Nov. 29, 2006) stating that it had "no discernable costs associated with making of the motion."

**DISCUSSION**

I.  Motion to Compel

  Under Federal Rule of Civil Procedure 37(a)(4), when a motion to compel is granted, the Court

> "<u>shall</u>, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the <u>reasonable expenses incurred in making the motion</u>, . . ., unless the court finds that the motion was

filed without the movant's first making a good faith effort to obtain the discovery or disclosure without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4) (emphasis added). As previously stated, under Rule 37, Brisbane is entitled to recover its reasonable motion expenses for making this motion to compel, but Brisbane indicates that it has not expended any costs in making this motion, apparently discounting counsel's time and resulting attorneys' fee for making this motion and duplication costs in copying the moving papers. As a result of Brisbane's statement, the Court now will deem this fee application submitted and determine that Brisbane's reasonable motion expenses are as it is stated, none. To determine an amount when not claimed by the movant would require the Court to speculate or engage in ancillary motion practice to determine costs Brisbane is now not claiming.

## CONCLUSION

For the reasons stated above, defendant Brisbane Realty Associates LLC's motion (Docket No. 36) to compel is **granted** (see Docket No. 52). Upon Brisbane's submission of not incurring any moving costs for this motion, Brisbane shall **not recover any costs for this motion** as a discovery sanction.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 8, 2006